O

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN TIMOTHY PEREZ,<br><br>          Petitioner,<br><br>     v.<br><br>MIKE EVANS, WARDEN,<br><br>          Respondent. | ) NO. CV 07-3597-SVW (MAN)<br>)<br>)<br>)<br>) ORDER ADOPTING FINDINGS,<br>)<br>) CONCLUSIONS, AND RECOMMENDATIONS<br>)<br>) OF UNITED STATES MAGISTRATE JUDGE<br>) |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition for Writ of Habeas Corpus, all of the records herein, the Amended Report and Recommendation of United States Magistrate Judge ("Report"),[1] and Petitioner's Objections. The Court has conducted a *de novo* review of those matters to which objections have been stated in writing.

Petitioner asserts in his Objections, for the first time, that he is entitled to a delayed accrual date for the statute of limitations, pursuant to 28 U.S.C. § 2244(d)(1)(B), and/or to equitable tolling,

---

[1] On September 17, 2008, the Magistrate Judge issued her original Report and Recommendation, and on October 14, 2008, Petitioner filed Objections. The Magistrate Judge then issued her amended Report, in which she addressed Petitioner's October 14 Objections.

because the State allegedly created an unconstitutional "impediment" to his ability to seek habeas relief. Petitioner asserts that, under Supreme Court precedent, prisoners are entitled to legal assistance from persons trained in the law or, if such assistance is not available, from "jailhouse lawyers." Petitioner has submitted a declaration in which he states that: he has been housed at Pelican Bay State Prison ("PBSP") at unspecified points in time; he was transferred from PBSP to an unspecified prison on an unspecified date in 2005; he was transferred to Salinas Valley State Prison ("SVSP") in January 2006; PBSP does not "have trained paralegals"; and PBSP has a policy that permits an inmate to be assisted by a jailhouse lawyer only when the jailhouse lawyer is housed in the same unit as the inmate. As evidence of PBSP's policy, Petitioner has appended to the Objections, as Exhibit A25, a copy of his October 2008 Request for Legal Assistance form. Petitioner asserts that PBSP's failure to provide him with a trained legal assistant and/or unrestricted access to jailhouse lawyers, regardless of their unit housing, violates his constitutional rights under Bounds v. Smith, 430 U.S. 817, 97 S. Ct. 1491 (1977), and warrants holding an evidentiary hearing in this case.

A district court has discretion, but is not required, to consider evidence or claims presented for the first time in Objections to a Magistrate Judge's Report and Recommendation. *See* Brown v. Roe, 279 F.3d 742, 744-45 (9th Cir. 2002); United States v. Howell, 231 F.3d 615, 621-22 (9th Cir. 2000). As the Report notes (Report at 2), on October 23, 2007, Petitioner was advised that, if he claimed any entitlement to equitable tolling, he must set forth in a declaration filed with his Opposition to Respondent's Motion to Dismiss "the nature and duration of

1  any claimed extraordinary circumstances that prevented him from filing
2  his Petition in a timely manner and the specific, resulting
3  consequence(s)."  Petitioner did not raise his present "impediment"
4  argument in his Opposition. He also did not raise this argument in his
5  Objections to the Magistrate Judge's original Report. Nonetheless,
6  despite its belated nature, the Court has considered Petitioner's
7  present "impediment" contention, but finds it insufficient to warrant
8  further consideration, a delayed accrual date, and/or application of the
9  equitable tolling doctrine.
10
11     Assuming, *arguendo*, the existence of the PBSP policy Petitioner
12  alleges, Petitioner's complaint about this policy is vague and uncertain
13  as to timing and effect, given Petitioner's failure to identify any
14  instance relevant to the statute of limitations analysis in which he was
15  prohibited from making use of a jailhouse lawyer. Moreover, and
16  critically, Petitioner's reliance on <u>Bounds</u>, *supra*, for the proposition
17  that he has an absolute right to receive unrestricted legal assistance
18  from someone with legal training or a jailhouse lawyer is mistaken. The
19  holding in <u>Bounds</u> was disjunctive: the right of access to the courts
20  may be satisfied if a prison provides an adequate law library <u>or</u>
21  adequate assistance from persons trained in the law. <u>Bounds</u>, 430 at
22  827-28, 97 S. Ct. at 1497-98 (observing that an adequate law library can
23  provide inmates with meaningful access to the courts, because "*pro se*
24  petitioners are capable of using law books to file cases raising claims
25  that are serious and legitimate even if ultimately unsuccessful"); *see*
26  *also* <u>Lewis v. Casey</u>, 518 U.S. 343, 346, 116 S. Ct. 2174, 2177 (1996).
27  These two methods are "fully independent," and one -- on its own -- will
28  satisfy the right of access requirement. <u>Brooks v. Buscher</u>, 62 F.3d

1  176, 181 (7th Cir. 1995); see also <u>Lindquist v. Idaho State Bd. of
2  Corrections</u>, 776 F.2d 851, 855 (9th Cir. 1985)("Relying on *Bounds*, we
3  have held that a prison must provide inmates with access to an adequate
4  law library or, in the alternative, with adequate assistance from
5  persons trained in the law"). Although he has had numerous
6  opportunities to present his arguments, and supporting evidence, as to
7  why the Petition should be considered timely, Petitioner has not claimed
8  in any of his filings, and does not now claim, that his institution's
9  law library was deficient, much less that any such deficiency prevented
10 him from pursuing federal habeas relief during the relevant time period.
11 Further, he failed to make such a claim in any of his state habeas
12 petitions. Accordingly, Petitioner's newly-made, conclusory assertion
13 of a <u>Bounds</u> violation is not persuasive, and there is no need for an
14 evidentiary hearing on this issue.

16    Petitioner also newly asserts that he is entitled to unlimited
17 equitable tolling, because: after a transfer to SVSP, he was deprived
18 of his property for a month and a half in early 2006; and the California
19 Supreme Court took nine months to rule on his second habeas petition,
20 and Petitioner could not seek federal habeas relief until the state high
21 court acted. The first contention makes no difference to the equitable
22 tolling, and timeliness, analysis. Put otherwise, even if the Court
23 assumes that, through no fault of his own, Petitioner was delayed for a
24 month and a half in early 2006 from pursuing state habeas relief, this
25 assumption would not alter the conclusion that Petitioner, overall, was
26 not diligent. As to the second contention, the facts that Petitioner
27 was required to exhaust his claims and that those claims were pending
28 for nine months in the state high court are not extraordinary

circumstances, as all state prisoners must first present their claims to the California Supreme Court and await that court's decision, however long it may take, before seeking federal habeas relief. This is so even if the state high court, as in Petitioner's case, ultimately denies relief on the ground that the state petition was untimely. *See* Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005), *as amended by* 439 F.3d 993 (9th Cir. 2006)(holding that the rule established by Pace v. DiGuglielmo, 544 U.S. 408, 414, 125 S. Ct. 1807, 1812 (2005) -- that an untimely state petition is not properly-filed for purposes of Section 2244(d)(2) -- applies even though the result may be harsh due to the California Supreme Court's long delay in issuing an order denying relief; and observing that, in Pace, the Supreme Court expressly held that the possibility a petitioner might litigate in state court for years in an effort to exhaust "'only to find out at the end that he was never "properly filed"' -- did not justify a different rule").

Further, Petitioner now asserts that he is entitled to receive statutory tolling under 28 U.S.C. § 2244(d)(2) for his second California Supreme Court petition, because, in addition to its invocation of California's timeliness bar by citation of In re Robbins, 18 Cal. 4th 770, 780 (1998), the state high court cited several other decisions invoking different California procedural bars. Petitioner's reliance on decisions involving application of the procedural default doctrine is misplaced, as that doctrine is not in issue in this case. The Report finds that the Petition is untimely based on all of the circumstances of record over a number of years, not that the Petition is procedurally defaulted based on the California Supreme Court's citation to Robbins. Under the circumstances present here, the California Supreme Court's

citation to <u>Robbins</u> it its order was a "clear ruling" that the state petition was untimely and, hence, not entitled to receive Section 2244(d)(2) tolling. <u>Thorson v. Ramirez Palmer</u>, 479 F.3d 643, 645 (9th Cir. 2007). Procedural default doctrine concepts have no relevance here.

Finally, Petitioner newly asserts that dismissing the Petition on the ground of untimeliness will violate the Eighth Amendment and the Suspension Clause, because he now claims to be actually innocent. The Court finds this assertion to be unpersuasive. The Court is not aware of any authority for the proposition that the Eighth Amendment is violated by application of the AEDPA's statute of limitations to a prisoner's habeas petition, regardless of the nature of his habeas claims. In <u>Green v. White</u>, 223 F.3d 1001, 1003-04 (9th Cir. 2000), the Ninth Circuit rejected a Suspension Clause challenge to the application of 28 U.S.C. § 2244(d)(1), finding that, because the AEDPA limitations period is not jurisdictional and is subject to equitable tolling, the habeas remedy has not been rendered inadequate or ineffective, and thus, the Suspension Clause is not implicated. *See also* <u>Corjasso v. Ayers</u>, 278 F.3d 874, 880 (9th Cir. 2002)(same). Petitioner's assertions of actual innocence do not require rejection of this conclusion here, for as set forth in the Report (at 39-45), Petitioner has not satisfied the standard for passing through the actual innocence gateway, and nothing set forth in the Objections warrants finding otherwise. Moreover, Petitioner's assertion fails for the same reasons that have caused courts to consistently reject similar Suspension Clause arguments. All statutes of limitations operate to place limits on a person's right to bring claims by requiring that claims must be brought within a

reasonable time period, yet, as a rule, they do not violate the Constitution. The AEDPA limitations period did not preclude Petitioner from seeking to redress his grievance through a habeas petition; rather, it simply required that he do so in a timely fashion. Petitioner, by waiting 15 years after his state appeal concluded before first seeking relief on his instant claims in the state courts, clearly did not act in a timely manner, and now is subject to the consequences of his own dilatory conduct. The habeas remedy is not inadequate or ineffective for those who diligently pursue it. The AEDPA limitations period, as applicable here, certainly provided Petitioner with a reasonable opportunity to have his claims heard on the merits. That he neglected to avail himself of that opportunity until it was too late is a matter of his own doing and not the result of any unconstitutional infringement.

IT IS ORDERED that: (1) Respondent's Motion to Dismiss is GRANTED; and (2) Judgment shall be entered dismissing this action with prejudice.

IT IS FURTHER ORDERED that the Clerk serve copies of this Order and the Judgment herein on Petitioner and counsel for Respondent.

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: 7/9/09

STEPHEN V. WILSON
UNITED STATES DISTRICT JUDGE